NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALBERT M. ROBINSON, | :<br>:<br>: |
| Plaintiff, | : Civil Action No. 13-5275 (JAP) (DEA)<br>: |
| v. | : **OPINION**<br>: |
| JESSIE ROBINSON AND ANNETTE JUSHCHUK, | :<br>:<br>: |
| Defendants. | :<br>: |

PISANO, District Judge.

This is a 42 U.S.C. § 1983 action brought by Plaintiff Albert M. Robinson ("Plaintiff") against Defendants Jessie Robinson and Annette Jushchuk[1] ("Defendants"). Presently before the Court is Defendant Robinson's motion to dismiss the complaint for lack of subject matter jurisdiction or failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF no. 6]. Plaintiff initially opposed this motion, but then wrote a letter seeking to voluntarily dismiss the case without prejudice. Defendant Robinson opposes this request, and instead asks the Court to decide this pending motion to dismiss on the merits in order to dismiss it with prejudice. The Court decides these matters without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant Robinson's motion to dismiss will be granted.

I.  **Background**

In 2012, Plaintiff filed a lawsuit against the State of New Jersey, Mercer County Vicinage-Family Division, and three Mercer Vicinage officials, alleging that they violated his

---
[1] Ms. Jushchuk has never been served and has never appeared in this matter.

constitutional rights by allegedly conspiring to enter fraudulent domestic violence restraining orders against him in 1990 and 2008.  *See* Amended Complaint, *Robinson v. State of New Jersey, et al.*, Civil Action No. 11-6139 (D.N.J. Oct. 17, 2011) [hereinafter, the "2011 Action"].  The crux of Plaintiff's complaint was that the defendants had backdated and otherwise modified a fraudulent temporary restraining order ("TRO") and final restraining order ("FRO").  In this action, Plaintiff sought relief against the named defendants under Section 1983 for violations of the First, Second, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.   Plaintiff alleged that these rights were infringed when the defendants created a fraudulent TRO and FRO and then "submitted the fraudulent TRO and FRO into the Central Registry." Am. Compl. at ¶¶ 50-53.  Plaintiff also brought common law claims, including defamation, against certain defendants, and sought a permanent injunction enjoining the defendants from forging another restraining order against him.  Plaintiff based his common law claims on the fraudulent publication of the FRO in the "Central Registry."  *Id.*  at ¶¶ 54-55.

At summary judgment, the Court entered judgment for the defendants.  The Court first found that Plaintiff's constitutional claims, other than his Second and Fourteenth Amendment claims, lacked any basis in law.  Next, the Court found that Plaintiff failed to prove that the FRO was fraudulent, as the record revealed that Plaintiff was the properly named defendant in the 1990 domestic violence action in which the Superior Court Judge had issued the FRO, and that the document was not forged.  *See Robinson v. New Jersey*, Civil Action No. 11-6139, 2013 U.S. Dist. LEXIS 116165, at *25-27 (D.N.J. Aug. 12, 2013) [hereinafter, the "2011 Action Opinion"].  Therefore, the Court found that the FRO was authentic.  The Court therefore found that Plaintiff's claims under § 1983 and his common law claims failed, and closed the case.  The

Third Circuit thereafter affirmed this decision. *See Robinson v. N.J. Mercer County Vicinage - Family Div.*, Civil Action No. 13-2357, 2014 U.S. App. LEXIS 6288 (3d Cir. Apr. 4, 2014).

As part of this summary judgment motion, and relevant here, Defendants Jushchuk and Robinson both filed affidavits attesting to certain facts pertaining to the domestic violence action in 1990. *See* Motion for Summary Judgment, *Robinson v. State of New Jersey, et al.*, Civil Action No. 11-6139 (D.N.J. May 15, 2013), ECF No. 91. In Defendant Robinson's affidavit, she attests that, in 1990, she was an employee for Womanspace Inc., as a Domestic Violence Advocate in the Superior Court of New Jersey, Mercer County Courthouse. In this capacity, Robinson stated that she worked in the Superior Court, where she met with persons seeking temporary restraining orders. Robinson explained her procedure that she had in 1990 for assisting these persons seeking a temporary judgment: from filling out a Pre-Court Interview form, to filing a TRO and domestic violence complaint, to helping the party have the judge enter the TRO, and explaining to the party that she or he had a final hearing on a certain date. Defendant Robinson then reviewed the Pre-Court Interview form, domestic violence complaint, and temporary restraining order issued by the Superior Court Judge in the 1990 action involving Annette Jushchuk (then Howard). Defendant Robinson verified that it was her handwriting on these exhibits, although she had no specific recollection of the case. *See* Affidavit of Jessie Robinson, *Robinson v. State of New Jersey et al.*, Civil Action No. 11-6139 (D.N.J. May 15, 2013), ECF 91-4. Defendant Robinson also attested that while she cannot recognize the signature of Ms. Jushchuk, she has no reason to believe that the person who signed Ms. Jushchuk's name was not her. Robinson also attests that she has no reason to believe that she did not follow the standard procedures that she typically follows in the 1990 case. *Id.* This

domestic violence complaint and TRO formed the basis for the FRO that was entered against Plaintiff.

On August 26, 2013, ten days after the District Court entered judgment for Defendants and closed the case, Plaintiff filed the current action.  Plaintiff's complaint again revolves around the FRO entered in 1990, which he asserts was fraudulently entered in 2008 and backdated.  The basis of Plaintiff's claims is that Defendants' affidavits in the 2011 Action contained false attestations because they verify that the pre-court interview form, domestic violence complaint, and TRO were created in 1990.  Specifically, he asserts that Defendant Robinson falsely attested that she wrote information in the pre-court interview form and domestic violence complaint provided to her by Defendant Jushchuk in 1990, and otherwise assisted her in getting a TRO in 1990.  Plaintiff asserts that because these documents were rather fraudulently created and submitted to the National Registry in 2008, Defendants have violated his rights under the First, Second, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment.  *See* Compl. ¶¶ 10-15.  He also claims that Defendants defamed him because the 2013 affidavits, pre-court interview, and domestic violence complaint all state that Plaintiff committed acts of domestic violence in 1990.  Plaintiff asserts that this is defamation because the TRO$^2$ did not exist until December 2008 when it was fraudulent created and backdated to 1990.  *See* Compl. ¶¶ 18-19.

## II.     Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  When reviewing a motion to dismiss, courts must first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

---

[2] Plaintiff appears to use the terms "TRO" and "FRO" interchangeably throughout his Complaint and briefing, but argues that the TRO and FRO were both fraudulently created in 2008 and not in 1990.

All reasonable inferences must be made in the Plaintiff's favor.  *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010).

In order to survive a motion to dismiss, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This standard requires the plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).  When assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.  Any legal conclusions are "not entitled to the assumption of truth" by a reviewing court. *Id.* at 679.  Rather, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*  *See also Fowler*, 578 F.3d at 210 (explaining that "a complaint must do more than allege a plaintiff's entitlement to relief").

**III.   Discussion**

Defendant Robinson asserts Plaintiff's claims against her should be dismissed, pursuant to Federal Rule of Civil procedure 12(b)(6), for a multitude of reasons, one of which is collateral estoppel, or issue preclusion. Issue preclusion prevents parties from re-litigating an issue that has already been actually litigated.  "The prerequisites for the application of issue preclusion are satisfied when: '(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment.'" *Burlington

5

*Northern Railroad v. Hyundai Merch. Marine Co.*, 63 F.3d 1227, 1231-32 (3d Cir. 1995) (quoting In re Graham, 973 F.2d 1089, 1097 (3d Cir. 1992).

Traditionally, issue preclusion required that the parties on both sides of the current proceeding by bound by the judgment in the prior proceeding, a requirement known as "mutuality." Today, however, "a litigant may also be estopped from advancing a position that he or she has presented and lost in a prior proceeding against a different adversary." *Peloro v. United States*, 488 F.3d 163, 174-75 (3d Cir. 2007) (citing *Blonder-Tongue Lab. v. Univ. of Ill. Found.*, 402 U.S. 313, 324 (1971)). For defensive non-mutual issue preclusion to apply, "the party to be precluded must have had a 'full and fair' opportunity to litigate the issue in the first action." *Id.* (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 332 (1979)).

Here, all the prerequisites for issue preclusion exist. The issues that Defendant Robinson seeks to be precluded are the same as those in the 2011 Action proceeding – whether the 1990 and 2008 TRO and FRO were fraudulent, and whether Plaintiff's inclusion in a "National Registry" or "Central Registry" constitutes defamation. In fact, Plaintiff is bringing the same exact claims under § 1983 stemming from the allegedly fraudulent TRO and FRO, as well as the same defamation claim premised upon his inclusion in this "National Registry." The only difference between the 2011 Action and this current one is the named defendants. Further, these issues were "actually litigated" by Plaintiff Robinson before the District Court, where he had a full and fair opportunity to present his claims. Following summary judgment briefing, the District Court entered a "final and valid judgment" in the form of an opinion and order, in which it specifically found that the FRO, and consequently the creation of the FRO, was genuine. Accordingly, all of Plaintiff's claims—which were dependent on the creation and submission of

a fraudulent FRO—failed.  Plaintiff then appealed this decision, and the Third Circuit affirmed the decision.

Finally, it is clear that the determination regarding the genuineness of the TRO and FRO in the 2011 Action was essential to the District Court's decision.  The crux of the Court's decision to enter summary judgment in favor of the defendants in that case was that Plaintiff failed to establish that the FRO was either modified or fraudulently entered.  The Court found, instead, that there was no genuine issue as to the authenticity of the FRO.  Because any feasible claims under § 1983, as well as Plaintiff's defamation claim, depended on Plaintiff providing that the FRO was forged, the Court's determination on this issue was clearly essential to the decision in the 2011 Action.

Overall, Plaintiff has clearly had a "full and fair" opportunity to litigate his claims based upon the alleged fraudulent TRO and FRO.  Plaintiff is not entitled to have another bite of the apple on the issue of if the FRO and TRO were fraudulent.[3]  The determination of the genuineness of the FRO entered in 1990 foreclosed Plaintiff's claims against the defendants in the 2011 Action.  Plaintiff has now brought the same claims against new defendants in this action, premised on the same allegedly fraudulent documents.  Plaintiff has not alleged or otherwise demonstrated that he was denied a full and fair opportunity to pursue his claim in the 2011 Action.  *See Blonder-Tongue Lab*, 402 U.S. at 332-333.  Because Plaintiff is now bound by the decision of the District Court after receiving a full and fair opportunity to litigate the authenticity of the FRO, the principal of defensive non-mutual issue preclusion bars him from

---

[3] In fact, in his Opposition Brief, Plaintiff makes clear that he intends on proving that the FRO was fraudulently created, and that he plans on either discovering if the State forged the affidavits at issue here, or, "if the Defendants actually swore under oath that they created the documents in 1990 [he] will add them as co-conspirators to the fraud."  *See* Opp. Br. at 8.  Such statements make clear that the current matter is Plaintiff's attempt to relitigate an issue that has already been determined by the District Court in the 2011 Action.  Plaintiff cannot circumvent that Court's determination by bringing the same claim against new Defendants, and then amending his complaint to add in the parties from the 2011 Action.

7

relitigating the issue of the authenticity of the FRO and supporting documents against Defendant Robinson as well.  *See Peloro*, 488 F.3d at 176.  Consequently, Plaintiff's complaint must be dismissed with prejudice.

## IV.     Conclusion

For the reasons stated above, Defendant Robinson's Motion to Dismiss is granted, and Plaintiff's complaint will be dismissed with prejudice.  An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: May 23, 2014