NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALBERT M. ROBINSON, | |
| Plaintiff, | Civil Action No. 13-5275 (JAP) (DEA) |
| v. | **OPINION** |
| JESSIE ROBINSON AND ANNETTE JUSHCHUK, | |
| Defendants. | |

Before the Court are two motions. The first is a motion for reconsideration brought by *pro se* Plaintiff, Albert M. Robinson [ECF No. 20]. Defendant Jessie Robinson has likewise filed a cross-motion to alter or amend judgment, and opposes Plaintiff's motion for reconsideration [ECF No. 21]. The Court decides the motions without oral argument, pursuant to Fed. R. Civ. P. 78. For the following reasons, Plaintiff's motion is granted and Defendant's cross-motion is denied.

**I.  Background**

*Pro se* Plaintiff, Albert M. Robinson ("Plaintiff"), initiated this action on August 26, 2013 by filing a complaint *in forma pauperis* before the Eastern District of Pennsylvania. Plaintiff's complaint alleged two causes of action: a 42 U.S.C. § 1983 claim and a state law claim for defamation of character based upon affidavits sword to by Defendants in a 2013 lawsuit. The Eastern District of Pennsylvania granted Plaintiff's IFP application, but directed the Clerk of the Court to transfer the matter to the District of New Jersey. Once the matter was in this Court, Defendant Jessie Robinson moved to dismiss the complaint pursuant to Federal Rule

of Civil Procedure 12(b)(6) on November 21, 2013. Defendant moved to dismiss the complaint for a variety of reasons, including under the doctrine of res judicata. After the motion was fully briefed, on February 14, 2014, Plaintiff filed a "Motion for Voluntary Dismissal." *See* ECF No. 16. Defendant opposed this "motion," arguing that the pending motion should be decided on its merits, both because Defendant Robinson had filed substantive papers in the motion and because Defendant had spent considerable time and expense responding to Plaintiff.

On May 23, 2014, this Court decided the pending motion to dismiss. The Court granted the motion to dismiss, finding that Plaintiff was precluded from bringing his current claims under the doctrine of res judicata. Accordingly, the Court dismissed the action with prejudice.

Thereafter, on June 16, 2014, Plaintiff filed the current motion for reconsideration. Plaintiff argues that he filed a notice for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(1); accordingly, he asserts, the instant case should have been dismissed without prejudice. On July 7, 2014, Defendant Jessie Robinson then filed her cross-motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(c). As to her opposition of Plaintiff's motion, Defendant Robinson argues that that Plaintiff actually filed for a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2). Defendant also moves to amend the judgment, asking the Court to amend its May 23, 2014 Order to convert Defendant's motion under 12(b)(6) to a motion for summary judgment. Defendant argues that, because the Court considered matters extraneous to the pleadings, the motion should have been converted originally to a summary judgment motion.

## II.   Discussion

Rule 41 provides a plaintiff with the opportunity to dismiss his action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a

motion for summary judgment . . . ." Fed. R. Civ. P. 41(a)(1)(i).  Essentially, Rule 41(a)(1) allows a plaintiff to dismiss an action voluntarily and without court involvement if the plaintiff complies with its terms.  "This rule affixes a bright-line test to limit the right of dismissal to the early stages of litigation," simplifying the court's analysis of whether an action has "reached the point of no return." *Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1064 (3d Cir. 1987) (internal quotation omitted).  Quite simply, if a defendant has either answered the complaint or moved for summary judgment, the plaintiff is thereafter precluded from dismissing the action without court intervention.  *See id.*

Defendant Robinson argues that her motion to dismiss should be viewed as a motion for summary judgment involving the merits of Plaintiff's action because the Court considered documents extraneous to the four corners of the complaint, and therefore Plaintiff failed to timely file his notice under Rule 41(a)(1)(i).  It is well established that a motion to dismiss under Rule 12(b)(6) may be treated as a motion for summary judgment for the purposes of Rule 41(a)(1)(i).  *See e.g.*, *Manze*, 817 F.2d at 1066.  In fact, Rule 12 mandates that a motion to dismiss under Rule 12(b)(6) must be considered a motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court . . . ." Fed. R. Civ. P. 12(d).  Therefore, if matters outside the pleadings are considered with respect to a Rule 12(b)(6) motion, the motion is converted into a summary judgment motion for the purposes of Rule 41(a) and the plaintiff is precluded from voluntarily dismissing the action.

Here, Defendant argues that the Court considered matters outside the pleadings when it decided that Plaintiff's claims were barred by collateral estoppel.  The affirmative defense of res judicata may be raised in connection with a Rule 12(b)(6) motion to dismiss.  *See Rycoline Prods. V. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997).  In order to be evaluated without

converting the motion to a summary judgment motion, the affirmative defense of res judicata—like any affirmative defense—must be apparent from the face of the complaint. *See id.* Otherwise, the Court may not rely on or consider "matters extraneous to the pleadings," *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997), but may rely on "the complaint, attached exhibits, and matters of public record." *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The Third Circuit has noted that "judicial proceedings constitute public records and . . . courts may take judicial notice of another court's opinion." *Id.* (citing *Southern Cross Overseas Agency v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410 (3d Cir. 1999)). A court may also appropriately consider documents "integral to or explicitly relied upon in the complaint," or an "undisputedly authentic document" if such document forms the predicate for the complaint. *See In re Rockefeller Ctr. Props., Inc., Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999).

Accordingly, the Court did not convert Defendant's motion to dismiss into a motion for summary judgment when it determined that collateral estoppel barred Plaintiff's claims. Resolving Plaintiff's claims only necessitated a review of Plaintiff's complaint and court records from his prior action in this Court. The court records are indisputably authentic matters of public record, and are thus readily cognizable at this stage. *See, e.g.*, *Johnson v. N.Y.C.*, 347 F. App'x 850, 851 (3d Cir. 2009) (affirming dismissal on res judicata grounds and noting "a res judicata defense may be raised in a motion to dismiss when the defense is apparent on a review of court records of which a court can take notice") (citing *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992)). In addition, Plaintiff, in his complaint, explicitly references (and relies upon as the basis of his claims) the prior litigation. Accordingly, the Court appropriately took notice of and relied

upon the documents necessary to resolve the effect of collateral estoppel on the current action without converting the motion to a summary judgment motion.

Further, the Court notes that, under Rule 41, before a Rule 12(b)(6) motion may viewed as a Rule 56 motion, the Third Circuit has required that "(1) a defendant intend its motion to dismiss to be one for summary judgment; and (2) the court treat it as such." *Short v. Weinrebe*, 1988 U.S. Dist. LEXIS 6515, *2–4 (E.D. Pa. June 30, 1988) (citing *Manze*, 817 F.2d at 1066). Here, Defendant did not intend, nor did this Court treat, the motion to dismiss as one for summary judgment. The record is unequivocal that Defendant intended her Rule 12(b)(6) motion as one to dismiss, and not one for summary judgment. This intent is manifested in a letter written to the Court opposing Plaintiff's notice of dismissal, in which Defendant requested the Court to "dismiss the Complaint with prejudice, or, in the alternative, decide Defendant's pending Motion to Dismiss on the merits." *See* ECF No. 17. Likewise, as discussed, the Court treated the motion as one to dismiss, and not as one for summary judgment. Accordingly, Plaintiff's right to dismiss under Rule 41 was not extinguished.

Overall, the Third Circuit has made clear that, if a plaintiff files a notice of a voluntary dismissal before the opposing party has served an answer or a motion for summary judgment, dismissal is "automatic and immediate." *In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 165 (3d Cir. 2008). It is the "notice itself [that] closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play." *Id.* at 165–66 (quoting *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963)). In fact, "[a] proper notice deprives the district court of jurisdiction to decide the merits of the case." *Id.* at 166. The Court acknowledges the potential unfairness of this rule to Defendant, who spent time and resources filing a thorough motion to dismiss and contesting several unauthorized filings by

5

Plaintiff; however, the Court is constrained to follow the bright-line test established by the Third Circuit. Here, because Defendant had not answered or filed a motion for summary judgment at the time Plaintiff moved for voluntary dismissal,[1] Plaintiff had the right to voluntarily dismiss his claims without prejudice. At the time he moved for under Rule 41(a)(1),[2] the case was automatically dismissed without prejudice. *See id.* at 165–66. Because the Court no longer had jurisdiction, it inappropriately considered the pending motion to dismiss on its merits, and dismissed the matter with prejudice. Rather, pursuant to the timely notice of voluntary dismissal filed by Plaintiff, this action must be dismissed without prejudice. Accordingly, Plaintiff's motion for reconsideration must be granted, and Defendant's cross-motion to alter judgment must be denied.[3]

## III. Conclusion

For the foregoing reasons, Plaintiff's Motion for Reconsideration is granted. Defendant's Cross-Motion to Alter or Amend Judgment is denied. The Order of May 23, 2014 [ECF No. 19] must be vacated, therefore, because it purports to dismiss with prejudice Plaintiff's claims. Pursuant to the notice of voluntary dismissal filed by Plaintiff on February 14, 2014, this matter must be dismissed without prejudice. An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: January 15, 2015

---

[1] While Plaintiff did not state in his "motion" what Rule he was moving under, "Plaintiff is *pro se*, so we liberally construe[ ] the motion for what it really was, a notice of dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i)." *Houser v. Beard*, Civil Action No. 10-0416, 2013 U.S. Dist. LEXIS 106945, *14-15 (W.D. Pa. July 30, 2013).

[2] Likewise, because Plaintiff timely and appropriately moved under Rule 41(a)(1), the Court disagrees with Defendant's contention that Plaintiff actually filed under Rule 41(a)(2), under which the matter could only have been dismissed at Plaintiff's request only by court order.

[3] The Court further notes that Defendant's cross-motion to amend is untimely under the Rule.